No. 21-cv-001271-LPS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re MALLINCKRODT, PLC, et al., *Debtors.*[*]

DARREL S. EDELMAN, *Appellant*,

v.

MALLINCKRODT, PLC, et al., *Appellees*.

On Appeal from the United States Bankruptcy Court
for the District of Delaware, No. 20-12522 (JTD)

## REPLY IN SUPPORT OF MOTION OF DEBTORS-APPELLEES TO DISMISS INTERLOCUTORY APPEAL

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
collins@rlf.com
merchant@rlf.com
steele@rlf.com
schlauch@rlf.com

George A. Davis (*pro hac vice*)
George Klidonas (*pro hac vice*)
Andrew Sorkin (*pro hac vice*)
Anupama Yerramalli (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
george.davis@lw.com
george.klidonas@lw.com
andrew.sorkin@lw.com
anu.yerramalli@lw.com

*(additional counsel listed on inside cover)*

---

[*] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Jeffrey E. Bjork (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
(213) 485-1234
jeff.bjork@lw.com

Jason B. Gott (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7700
jason.gott@lw.com

*Counsel for Debtors-Appellees*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

REPLY .............................................................................................................3

    I.      Appellant LACKS STANDING TO APPEAL ........................................3

          A.     The "Persons Aggrieved" Doctrine Remains the Test for
                 Appellate Bankruptcy Standing ........................................................3

          B.     Appellant is Not a Person Aggrieved and Lacks Standing to
                 Appeal ..............................................................................................6

          C.     The Motion to Dismiss Was Timely ................................................8

    II.     THE ORDER IS INTERLOCUTORY......................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adelphia Commc'n. Corp.*,
333 B.R. 649 (S.D.N.Y. 2005) ..................................................................9

*In re ANC Rental Corp.*,
57 Fed. Appx. 912 (3d Cir. 2003)..............................................................7

*In re Cap Contracting Co.*,
924 F.3d 890 (6th Cir. 2019) ....................................................................5

*In re Combustion Eng'g, Inc.*,
391 F.3d 190 (3d Cir. 2004), *as amended* (Feb. 23, 2005) ...................1

*In re DNIB Unwind, Inc.*,
No. 16-111084, 2019 WL 949213 (D. Del. Feb. 27, 2019) .................5

*In re Energy Future Holdings Corp.*,
904 F.3d 298 (3d Cir. 2018) .....................................................................9

*In re Ernie Haire Ford, Inc.*,
764 F.3d 1321 (11th Cir. 2014) ................................................................6

*In re Essar Steel Minn. LLC*,
607 B.R. 409 (D. Del. 2019)....................................................................10

*IOENGINE LLC v. Interactive Media Corp.*,
No. CV 14-1571-GMS, 2017 WL 39563 (D. Del. Jan. 4, 2017) .........8

*Krakauer v. Dish Network, LLC*,
925 F.3d 643 (4th Cir. 2019) ....................................................................5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)..........................................................................4, 5, 6

*In re Medford Crossings N. LLC*,
No. 11-2583 (RBK), 2012 WL 295353 (D.N.J. Feb. 1, 2012)............8

*In re One2One Commc'ns, LLC*,
805 F.3d 428 (3d Cir. 2015) .....................................................................5

RLF1 26728841v.6

*In re Paragon Offshore PLC*,
    597 B.R. 748 (D. Del. 2019) ................................................................................8

*In re Petrone*,
    754 Fed. App'x 590 (9th Cir. 2019) ...................................................................5

*In re Prospector Offshore Drillings*,
    No. 17-11572, 2019 WL 1150563 (D. Del. Mar. 12, 2019) ................................4

*In re Revstone Indus. LLC*,
    690 F. App'x. 88 (3d Cir. 2017) .........................................................................4

*In re Taylor*,
    913 F.2d 102 (3d Cir. 1990) ...............................................................................9

*Travelers Ins. Co. v. H.K. Porter Co., Inc.*,
    45 F.3d 737 (3d Cir. 1995) .................................................................................8

*In re Wilton Armetal Inc.*,
    968 F.3d 273 (3d Cir. 2020) ...............................................................................4

**Statutes**

11 U.S.C. § 502 ...............................................................................................6, 7

**Other Authorities**

Fed. R. Bankr. P. 8004 ........................................................................................9

John A. Peterson, III & Joshua A. Esses, *The Future of Bankruptcy
    Appeals: Appellate Standing After Lexmark Considered*, 37 Emory
    Bankr. Dev. J. 285 (2021) ...................................................................................5

Debtors respectfully submit this reply (the "**Reply**") to the response [D.I. 30] (the "**Response**") of Appellant to Debtors-Appellees motion [D.I. 18] (the "**Motion**") for an order dismissing the appeal (the "**Appeal**") of the Bankruptcy Court's *Order*, dated August 26, 2021 (the "**Order**").  In further support of the Motion, Debtors-Appellees state as follows:

## PRELIMINARY STATEMENT

In an effort to save his appeal from dismissal, Appellant asks this Court to deviate from the well-established Third Circuit "persons aggrieved" standard and establish a new standard—that no court has adopted—to determine appellate standing in bankruptcy appeals.  This Court should decline to do so.  The "persons aggrieved" standard adopted by the Third Circuit in *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004), *as amended* (Feb. 23, 2005) is intended to avoid endless appeals where a party is not directly and adversely affected pecuniarily by an order of the Bankruptcy Court.

Prior to filing their chapter 11 cases, Debtors negotiated a global settlement of their opioid liabilities, formalized in a restructuring support agreement, with key constituents.  The settlement formed the structure of the proposed Plan that is currently pending before the Bankruptcy Court.  The Plan provides for the creation

of Opioid Trusts[1] funded with, among other things, aggregate cash contributions of $1.725 billion for the benefit of opioid claimants.  Consistent with the Bankruptcy Court's prior findings that Debtors are "hopelessly insolvent" and that "shareholders have no economic interest" in the chapter 11 cases, the Plan does not provide for any distribution to Debtors' shareholders (including Appellant).  *See* APP0887.  This Appeal will not affect the projected recovery for shareholders under the Plan.

The Bankruptcy Court did enter a bar date order (the "**Bar Date Order**") in the chapter 11 cases.  *See* APP0694–0706.  As is typical, certain types of claims were exempt from the requirements of the Bar Date Order, including certain opioid claims.  Instead of a bar date for opioid claims, the Plan implements an opioid settlement whereby opioid claims will be channeled to Opioid Trusts that will be funded with an agreed-upon and heavily negotiated consideration with such claims being administered in accordance with the applicable governing trust documents. Appellant did not object to the entry of the Bar Date Order—or the exemption of opioid claims therefrom—but now seeks an opioid claims bar date as a means of collaterally attacking the Plan and the settlements embodied therein.  Appellant apparently believes he can upend the Plan and related settlements by objecting to

---

[1]  Capitalized terms not otherwise defined herein have the meanings given to them in Debtors-Appellees Memorandum of Law.

every asserted opioid claim (the very litigation the chapter 11 cases were intended to stop).

In the exercise of its discretion, the Bankruptcy Court correctly decided that the opioid settlement, channeling injunction and opioid trust structure embedded in the Plan rendered an opioid claims bar date unnecessary.  But even with an opioid claims bar date, the Debtors would nevertheless settle those claims on the same basis provided for in the opioid settlement and in the Plan (which Appellant has separately objected to) and any such claims would be channeled to the Opioid Trusts.  In other words, the Debtors would still move forward with the Plan and there would be no recovery to shareholders.

Moreover, the Order is interlocutory in that it did not fully and finally resolve any issues relating to the treatment of opioid claims.  These are all Plan issues and requiring opioid claimants to file claims now will not substantively resolve any issues with respect to the allowance or disallowance of such claims, the status of the opioid related settlements or the confirmability of the Plan.

## **REPLY**

### I.      Appellant LACKS STANDING TO APPEAL

#### A.      The "Persons Aggrieved" Doctrine Remains the Test for Appellate Bankruptcy Standing

Appellant's primary argument is that this Court should ignore the Third Circuit's well-established "persons aggrieved" standard in light of the Supreme

Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). *See* Response at 8. The Supreme Court's decision in *Lexmark*, however, does not address or limit the "persons aggrieved" doctrine, but rather whether a party fell within the "zone of interest" such that he could bring suit under a *statutory* cause of action.[2] *Lexmark*, 572 U.S. at 127 ("Whether a plaintiff comes within the zone of interests is an issue that requires [the Supreme Court] to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim.") (citations and internal quotation marks omitted).

The Third Circuit, and district courts in this Circuit, have continued to apply the "persons aggrieved" doctrine in determining appellate bankruptcy standing in post-*Lexmark* decisions. *See In re Revstone Indus. LLC,* 690 F. App'x. 88, 89 (3d Cir. 2017) ("Appellate standing in bankruptcy is limited to 'persons aggrieved' by an order of the bankruptcy court."); *see also In re Prospector Offshore Drillings,* No. 17-11572, 2019 WL 1150563, at *6–*7 (D. Del. Mar. 12, 2019) (applying the person aggrieved standard, court found that shareholder did not have appellate

---

[2]   The Third Circuit has aligned its jurisprudence with *Lexmark* and held that whether a party has standing to pursue a statutory claim is not a question of prudential standing, but of statutory interpretation. *See In re Wilton Armetal Inc.*, 968 F.3d 273 (3d Cir. 2020). *Wilton* did not examine the "persons aggrieved" test.

standing because it received no distributions under the plan); *see also In re DNIB Unwind, Inc.,* No. 16-111084, 2019 WL 949213 at *3 (D. Del. Feb. 27, 2019) (applying the person aggrieved standard).[3]

Appellant cites cases outside of the Third Circuit that purportedly support his application of *Lexmark*. *See* Response at 10–11. But these cases do not involve the "persons aggrieved" standard. *See Krakauer v. Dish Network, LLC*, 925 F.3d 643, 656–57 (4th Cir. 2019) (applying *Lexmark* to who may sue under a statutory cause of action); *In re Cap Contracting Co.*, 924 F.3d 890, 897–98 (6th Cir. 2019) (finding that appellant lacked Article III standing and declining to rule on *Lexmark*'s effect on the persons aggrieved test). In fact, the law review article cited in the "Acknowledgement" section of Appellant's brief surveyed the application of *Lexmark* by courts of appeals—and "conclude[d that] the law of the circuits has been consistent in function: the person-aggrieved test reigns." John A. Peterson, III & Joshua A. Esses, *The Future of Bankruptcy Appeals: Appellate Standing After Lexmark Considered*, 37 Emory Bankr. Dev. J. 285, 315 (2021); *see also In re Petrone,* 754 Fed. App'x 590, 591 (9th Cir. 2019) (explaining that the person-

---

[3]   Appellant relies on Judge Krause's concurrence in *In re One2One Commc'ns, LLC* in support of his argument. *See* Response at 10. That case, however, concerned equitable mootness which, unlike appellate standing, "prevents appellate review of a non-Article III judge's decision" regardless of who asks for it. *In re One2One Commc'ns, LLC*, 805 F.3d 428, 445 (3d Cir. 2015) (Krause, J. concurring).

aggrieved test is consistent with *Lexmark*); *In re Ernie Haire Ford, Inc.,* 764 F.3d 1321, 1325 n.3 (11th Cir. 2014) (same).

### B.     Appellant is Not a Person Aggrieved and Lacks Standing to Appeal

Appellant has no pecuniary interest in the subject of the Order and therefore does not satisfy the Third Circuit's "person aggrieved" standard.  Appellant argues that he is a "person aggrieved" because the Bankruptcy Court "functionally confirmed" that his equity is worthless and therefore impaired his right to object to asserted opioid claims under Bankruptcy Code § 502.  *See* Response at 12. Appellant's argument is misguided.

In denying Appellant's request to set an opioid claims bar date, the Bankruptcy Court did not make any findings as to the value of Appellant's equity interests or the treatment of shareholders in the chapter 11 cases.[4]  Rather, the Bankruptcy Court based its decision on the timing of the motion, as well as the unnecessary delay and costs that such relief would confer upon the Debtors' estates. APP2850–51.  The alleged harm of which Appellant complains—the valuation of his equity interests—is a Plan issue that has no connection to the decision that is the subject of the Appeal.

---

[4]   The Bankruptcy Court determined that the Debtors were "hopelessly insolvent" and that shareholders did not have a substantial likelihood of a meaningful recovery in connection with a prior motion for the appointment of an equity committee. APP0887.  Appellant filed a letter in support of that motion, but did not appeal the Bankruptcy Court's denial of the request.  *See* Dkt. 839.

Even if Appellant were to succeed in this Appeal, it would not affect his pecuniary interests because he is a shareholder.  Assuming the Bankruptcy Court confirms the proposed Plan, the Debtors intend to consummate the Plan and the settlements embodied therein.  Any opioid claims—past and future—would be channeled to the Opioid Trusts, whereby the applicable trustees will administer those claims in accordance with the terms of the applicable trust documents.

Moreover, the Debtors have already agreed to the opioid settlement and thus have fixed the amount that they will provide to the Opioid Trusts under the Plan to pay eligible opioid claims.  The Debtors' obligations to fund the Opioid Trusts are not contingent upon whether opioid claimants filed claims or whether those claims are allowed under Bankruptcy Code § 502.  Thus, any opioid claims bar date would be superfluous and would not modify the proposed treatment of opioid claims under the Plan (nor have any effect on the cancellation of Appellant's equity interests). Appellant does not agree with the Debtors' settlement of opioid claims and objected to that settlement as part of the Plan confirmation process (which consisted of a heavily contested 17 day hearing and remains *sub judice*).

Any potential benefit to shareholders (presumably premised upon the subsequent disallowance of hundreds of thousands of opioid claims) is too attenuated and contingent to satisfy the Third Circuit's "person aggrieved" standard. *See In re ANC Rental Corp.*, 57 Fed. Appx. 912, 915 (3d Cir. 2003).

RLF1 26728841v.6

## C.     The Motion to Dismiss Was Timely

Appellant asserts that Debtors-Appellees were required to raise any objection to appellate standing either during the bankruptcy proceedings or immediately upon the filing of this Appeal.  But, as an initial matter, Debtors-Appellees necessarily could not have challenged Appellant's standing *to appeal* during the bankruptcy proceedings that *preceded* his appeal.  And whether Appellant had standing in the Debtors' chapter 11 cases is an entirely distinct question from whether he has standing to appeal.  *See, e.g.*, *Travelers Ins. Co. v. H.K. Porter Co., Inc.,* 45 F.3d 737, 741 (3d Cir. 1995); *In re Paragon Offshore PLC,* 597 B.R. 748, 757 (D. Del. 2019) (although equity holder "clearly had standing to appear and be heard" in the bankruptcy court, it was not a "person aggrieved" with standing to appeal the confirmation order).

Appellant's argument that appellate standing can only be challenged "immediately upon the Appellant filing [an] appeal" fares no better.  Tellingly, Appellant cites no precedent in support.  That is because there is no requirement that Debtors-Appellees must raise appellate standing at a specific time.  *See, e.g.*, *IOENGINE LLC v. Interactive Media Corp.*, No. CV 14-1571-GMS, 2017 WL 39563, at *1 n. 3 (D. Del. Jan. 4, 2017) (explaining that standing issues "can arise at any time and standing is not subject to waiver");  *In re Medford Crossings N. LLC*, No. 11-2583 (RBK), 2012 WL 295353, at *3 (D.N.J. Feb. 1, 2012) (rejecting

appellants' argument that appellees may not raise lack of standing for the first time at the appeals stage because "standing questions may be raised at any time, whether by one of the parties or by the court *sua sponte*").  In any event, here Debtors-Appellees promptly filed their motion on the same day they filed their answering brief.  Appellant offers no statute, rule, or case suggesting that the Motion is time-barred.

## II.    THE ORDER IS INTERLOCUTORY

The Order denying Appellant's request to fix an opioid claims bar date constitutes a non-final, non-appealable interlocutory order of the Bankruptcy Court. *See In re Adelphia Commc'n. Corp.*, 333 B.R. 649, 660 (S.D.N.Y. 2005) (internal citations omitted).  Accordingly, the Appeal should be dismissed as Appellant has failed to submit a motion for leave under Bankruptcy Rule 8004(a)(2).

In response, Appellant argues that the Order is final because there is "nothing more for the Bankruptcy Court to do."  *See* Response at 15.  The Third Circuit, however, has held that, in determining finality, "[t]he ultimate question … is whether the order 'fully and finally resolved a discrete set of issues, leaving *no related issues for later determination.*'"  *In re Energy Future Holdings Corp.*, 904 F.3d 298, 308–09 (3d Cir. 2018) (quoting *In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990)) (emphasis added).

The Bankruptcy Court's decision left "for later determination" the ultimate treatment of opioid related claims in connection with the chapter 11 cases. The Bankruptcy Court's Order did not provide any guidance with regards to the treatment of opioid claims. Rather, it is the Debtors' proposed Plan that provides for the channeling of all opioid related claims to the Opioid Trusts and resolves substantive issues relating to approval of the opioid related settlements. An opioid claims bar date would merely initiate a procedural sequence for the filing of claims—and provide no substantive relief with respect to the allowance/disallowance/settlement of claims.

Appellant also argues that the Order implicates a purely legal issue. *See* Response at 14. Debtors-Appellees disagree. *See* Motion at 16. But even assuming Appellant is correct (and he is not), Appellant has not established that there are *substantial* grounds for a difference of opinion. *See In re Essar Steel Minn. LLC*, 607 B.R. 409, 416 (D. Del. 2019) (holding that a legal issue on appeal "also must be one as to which there is a substantial ground for differences of opinion"). On the contrary, the overwhelming weight of well-reasoned case law has concluded that bankruptcy courts have discretion to impose—or not impose—claims bar dates based on the specific facts and circumstances of a given case. *See* D.I. 19 at pp. 19–33.

RLF1 26728841v.6

Appellant also incorrectly claims that the Order (i) has an impact on the assets of the estates because the Bankruptcy Court failed to "ensure that all claims against the estate are proven" and (ii) has a preclusive effect on the merits of subsequent litigation. *See* Response at 14. As noted by the Bankruptcy Court, the proposed Plan, by establishing the Opioid Trusts, provides a mechanism for addressing all opioid claims. *See* APP2850. An appeal—or even a reversal—of the Order would not impact the channeling of opioid claims to the Opioid Trusts for resolution. Nor did the Order have a preclusive effect on Appellant's ability to participate at the confirmation hearing and object to the proposed Plan. *See* Motion at 7. In fact, Appellant did exactly that.

Appellant's arguments regarding the remaining factors—the need for further fact finding and judicial economy—are similarly unpersuasive. *See* Response at 14. This Appeal would not ultimately resolve any substantive issues in these chapter 11 cases. Rather, if successful, the resulting opioid claims bar date would commence a procedural sequence for filing hundreds of thousands of opioid related claims. The Appeal will provide no substantive resolution relating to the treatment of specific opioid claims. Such result would merely inject further unnecessary delay into the chapter 11 cases at incredible costs to the Debtors' estates. *See* Motion at 19. Indeed, the Debtors could simply settle those claims on the very basis that they are being settled under the Plan.

January 31, 2022
Wilmington, Delaware

Respectfully submitted,

_/s/ Michael J. Merchant_

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
collins@rlf.com
merchant@rlf.com
steele@rlf.com
schlauch@rlf.com

George A. Davis (_pro hac vice_)
George Klidonas (_pro hac vice_)
Andrew Sorkin (_pro hac vice_)
Anupama Yerramalli (_pro hac vice_)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
george.davis@lw.com
george.klidonas@lw.com
andrew.sorkin@lw.com
anu.yerramalli@lw.com

Jeffrey E. Bjork (_pro hac vice_)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
(213) 485-1234
jeff.bjork@lw.com

Jason B. Gott (_pro hac vice_)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7700
jason.gott@lw.com

_Counsel for Debtors-Appellees_

12

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the length limit of Bankruptcy Rule 8013(f)(3) because, excluding the parts of the document exempted by Bankruptcy Rule 8015(g), this document contains 2,589 words.  This document complies with the typeface and type-style requirements of Bankruptcy Rule 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: January 31, 2022                                    */s/ Michael J. Merchant*
                                                                    Michael. J. Merchant (No. 3854)

RLF1 26728841v.6